No. 9007.

## NOEL ET AL. *v.* HAGERHORST.

PROMISSORY NOTE.—*Signature.*—*Non est Factum.*—*Evidence.*—Suit against Christina M. Hagerhorst, the defendant, upon a note signed " C. M. Hagerhorst." The execution of the note being put in issue, and a finding had thereon for the defendant, a new trial was refused. The evidence showed that a son of the defendant had conducted a grocery store from 1864 until 1877, in the name of the defendant, and during a part of the time in the name of C. M. Hagerhorst & Co. In 1876 the defendant gave a power of attorney to her son to execute promissory notes in her name, in the course of his business, which was revoked after the note was given. The note was also in evidence.

*Held,* that a new trial should have been granted.

EVIDENCE.—*Power of Attorney.*—*Record.*—*Practice.*—Reading the record of a power of attorney in evidence, over objections made without specifying any specific cause for objection, is not available error.

From the Marion Superior Court.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham,* for appellants.

NIBLACK, J.—Complaint by Edmund B. Noel and Wood Noel against Christina M. Hagerhorst, in two paragraphs.

The first paragraph was upon a promissory note for $174.- 62, dated July 2d, 1877, and signed " C. M. Hagerhorst," and the second was upon an account, principally for flour, corn-meal and various articles of feed for horses, on which it was claimed there was a balance due of $235.07.

As to the first paragraph of the complaint the defendant answered *non est factum* under oath ; also that the note was given without any consideration whatever. As to both paragraphs she answered in general denial and payment. After issue joined, the cause was tried at special term, without a jury, the result being a finding for the defendant. A motion for a new trial being first denied, judgment was rendered against the plaintiffs on the finding. Upon an appeal to the general term the judgment at special term was affirmed. Questions are made upon the sufficiency of the evidence, and upon the

refusal of the court to admit certain evidence offered by the plaintiffs at the trial.

It was made to appear by the evidence, that in April, 1869, one Christian F. Hagerhorst, a son of the defendant, purchased a stock of groceries kept in a house in the city of Indianapolis, the establishment comprising what was known as the Fruit House Grocery; that he purchased the groceries and executed notes for a portion of the purchase-money, in the name of C. M. Hagerhorst; that, from this and some other circumstances, the vendor received the impression that the said Christian F. Hagerhorst had purchased the groceries for, and as the agent of, the defendant; that the said Christian carried on the grocery business at the same house occupied by his predecessor, until September, 1877, when he sold out and quit business; that for a portion of the time he did business in the name of C. M. Hagerhorst & Co., and during the rest of the time in the name of C. M. Hagerhorst; that in February, 1876, the plaintiffs commenced to sell him goods in the name of C. M. Hagerhorst and continued to have mutual dealings with him in that name until near the time he went out of business; that on the 2d day of July, 1877, there was a balance due the plaintiffs of $174.62, for which the said Christian executed the note in suit, assuming to represent the defendant when executing it, and attaching to said note the name "C. M. Hagerhorst;" that the real name of the defendant was Christina Maria Hagerhorst, but that she sometimes signed her name Maria Christina Hagerhorst.

As a part of their preliminary proof, the plaintiffs, over the objection and exception of the defendant, but without any specific objection being pointed out, read in evidence from one of the volumes of the mortgage records of Marion County, the record of a power of attorney, as follows:

"Know all men by these presents, that I, Mary Christina Hagerhorst, have made, constituted and appointed, and by these presents do make, constitute and appoint Christopher M. Hagerhorst my true and lawful attorney for me and in

my name, place and stead, to execute mortgages on my property and in my name to bind me and my property and to execute promissory notes in my name in the course of his (Christopher M.'s) business, and whenever he shall deem the same necessary and proper, giving and granting unto him, my said attorney, full power and authority to do and perform all and every act and thing whatever, requisite and necessary to be done in and about the premises, * * * hereby ratifying and confirming all that my said attorney, or his substitute, shall lawfully do or cause to be done by virtue hereof.

" In witness whereof I have hereunto set my hand and seal, the fifth day of October, in the year one thousand eight hundred and seventy-six.

"MARY CHRISTINA HAGERHORST."

To this record of a power of attorney was attached the record of a proper certificate of acknowledgment by a duly authorized officer.   On the margin of the record, read in evidence as above, there was written as follows:

" This power of attorney is hereby revoked and canceled. October 3d, 1877.    MARIA CHRISTINA HAGERHORST.

" Attest:  C. F. DARNELL, R. M. Co.

"Per W. F. KEAY, Deputy."

Which was also read in evidence in connection with the record of the power of attorney.

There was undisputed evidence tending to prove that the power of attorney, of which a record was introduced as above, was executed by the defendant, and that the revocation on the margin of the record was signed by her; also tending to prove that by the use of the name Christopher M. Hagerhorst, in the power of attorney, the defendant intended to name and describe Christian F. Hagerhorst, and to constitute him her attorney in fact.   In other words, the evidence appears to us to have justified the conclusion that the power of attorney was executed to the said Christian F. Hagerhorst by the name of Christopher M. Hagerhorst.

The note was also, at the proper time, read in evidence by the plaintiffs.

The finding of the court, as to the second paragraph of the complaint, appears to us to have been fairly sustained by the evidence; but we think the court erred in finding that the defendant was not liable on the note.

As has been seen, the record of the power of attorney was read in evidence without any specific objection having been made to its introduction, and hence no question was reserved to its admission in evidence.    We need not, therefore, inquire whether that record was admissible as the record of a lawfully recorded written instrument, or as secondary evidence only in the absence of the original power of attorney, but must assume that the record was properly in evidence, and that it contained a true copy of the original instrument of which it purported to be a copy.

We are of the opinion that the power of attorney, when taken in connection with the oral testimony which accompanied it, fairly established the authority of Christian F. Hagerhorst to execute the note in suit, in the name and on behalf of the defendant, and that, consequently, the court below at general term erred in affirming the judgment at special term.

As the judgment must, at all events, be reversed, and as we have no brief from the appellee, we will not rule upon some other minor questions presented by counsel for the appellants.

The judgment below at general term is reversed, with costs, and the cause remanded for further proceedings.